RAMÓN MORALES RODRÍGUEZ, Petitioner, *v.* DISTRICT COURT OF ARECIBO, R. AGRAIT ALDEA, JUDGE, Respondent.

No. 331. Argued January 8, 1940.—Decided January 16, 1940.

854

*E. Martínez Avilés* for the petitioners. The respondent judge appeared by brief.

Mʀ. Jᴜsᴛɪᴄᴇ Hᴜᴛᴄʜɪsᴏɴ delivered the opinion of the Court.

Ramón Morales Rodríguez moved, under Section 448 of the Code of Criminal Procedure, to dismiss a prosecution because he had not been brought to trial within 120 days after the filing of an information for voluntary manslaughter. A district judge denied the motion, and Morales obtained an alternative writ of mandamus.

The information was filed late in 1936. The case was set for trial in May or August 1937, and defendant moved for a postponement. Neither the date when the case was set for trial nor the date of defendant's motion is disclosed. From the motion it appears, however, that the Legislature was in session.

On April 30, 1936, (sic) defendant moved for the postponement of another case in which he was charged with carrying a weapon. In this motion he expressly waived his right to a speedy trial. He based his request for a postponement on the following grounds:

The case had been set for trial May 7. The manslaughter case had not been set. The evidence was the same in both cases. Defend-

ant would submit the case for carrying a weapon on the evidence in the manslaughter case.

September 18, 1939, was fixed as the day for a reading of the docket and the setting of criminal cases. Defendant, although duly notified, did not appear on September 18, nor ask that his case be set for trial. Nevertheless, the case was set for trial on October 3. Defendant was duly notified.

Defendant moved September 26 to dismiss the prosecution. His motion was set for a hearing on September 29. He then moved for a postponement of this hearing. The motion was heard and denied October 2.

Defendant then moved for a postponement of the trial on the ground that one of his attorneys, who had previously represented him in the case wherein he was charged with the carrying of a weapon, was to appear the next day at the trial of a civil case in San Juan. This motion was granted on condition that defendant would reduce it to writing and waive all question of delay. He agreed. In the written motion, however, he reserved his right to present in this Court the question involved in his motion to dismiss the prosecution.

On granting defendant's second motion for a postponement, the court re-set the case for trial on October 31. Notwithstanding this re-setting of the case, of which defendant was duly notified, he did not apply for the mandamus at once but waited until October 25. The alternative writ was issued October 27 and was received by the district judge October 31, the day set for trial.

 Section 448 of the Code of Criminal Procedure makes it the duty of a district judge to dismiss a prosecution whenever "a defendant, whose trial has not been postponed upon his application, is not brought to trial within one hundred and twenty days after the filing of the information". In such a case, "unless good cause to the contrary is shown", the judge has not discretion. When, as here, the

trial has been postponed on defendant's motion, the question of dismissal for subsequent delay is a matter within the discretion of the court. The proper exercise of that discretion will not be controlled by mandamus.

■ A defendant, by a single motion for a postponement of his trial, does not waive all rights to be tried within a reasonable time thereafter. *People* v. *Cepeda*, 31 P.R.R. 465. The lapse of two years without a re-setting of the case is a serious matter. If defendant, either at the time of his first motion for a postponement, or thereafter, had indicated any desire or willingness to have his case tried, any subsequent delay for an unreasonable length of time in the absence of a satisfactory showing on the part of the prosecution would have required a dismissal.

A defendant, however, does not always desire a speedy trial. A strong case for the prosecution is sometimes debilitated and a conviction becomes more difficult through the lapse of time. A defendant who has not been properly represented by capable counsel is entitled to more consideration than is a defendant who has been so represented from the outset by two competent attorneys. If defendant herein had been willing or had decided to have his case brought to trial there was nothing to prevent him from disclosing the state of his mind, either at the time of his first motion for a postponement, or at any time thereafter—as did the defendant in *People* v. *Olmeda,* ante, p. 839.

All things considered, we find no abuse of discretion on the part of the district judge. See *Garcés* vs. *District Court*, 55 P.R.R. 328.

The petition for a peremptory writ will be denied.